# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ANTHONY MYERS, : | |
| : | |
| Plaintiff, : | |
| : | Case No. 3:15cv00412 |
| vs. : | |
| : | District Judge Walter Herbert Rice |
| COMMISSIONER OF THE SOCIAL : | Magistrate Judge Sharon L. Ovington |
| SECURITY ADMINISTRATION, : | |
| : | |
| Defendant. : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon a Motion and Supplemental Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #s 15, 17, 18), the Commissioner's Response (Doc. #19), counsel's Reply (Doc. #20), and the record as a whole. Plaintiff's counsel seeks an award of $30,850.00 in attorney fees under 42 U.S.C. § 406(b)(1).

The Commissioner correctly points out that that S.D. Ohio Civ. R. 54.2(b) requires § 406(b) motions to be filed within 45 days of the Social Security Administration's Notice of Award. The Commissioner notes that Plaintiff's counsel filed her present § 406(b) Motion and Supplemental Motion more than 45 days after she received various Notices of Award of Benefits to Plaintiff and his two children and related Notices of Change in Benefits. The Commissioner has no interest in the financial outcome of this matter; "the Commissioner's

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

interest is in seeing attorneys file fee motions within a reasonable time in the future." (Doc. #19, *PageID* #2433). The Commissioner, therefore, "defers to the Court's judgment concerning whether the motion for fees … was filed within a reasonable time and what fee to award ...." *Id*.

Section 406(b)(1)(A) permits a court to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." Given this, many attorneys agree to represent social security claimants under the terms of a contingency agreement that permits attorney fees up to the full 25 percent statutory maximum. This type of contingency agreement is permissible when the district court determines that the fee award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").

Plaintiff and his attorney entered into an agreement setting the amount payable as attorney fees at "25% of any lump sum award for past-due benefits payable to [Plaintiff] and [his] dependents...." (Doc. #15, *PageID* #2340). The Commissioner does not contend that the amount of attorney fees Plaintiff's counsel seeks, $30,850.00, would be a windfall to counsel. Plaintiff calculates that the various 25% withholdings from Plaintiff's and his children's benefits adds up to $54,443.08. (Doc. #15, *PageID* #2329). The amount counsel seeks, roughly $30,000.00 is well below the total amount withheld from Plaintiff's and his children's benefits. Consequently, the amount counsel seeks to recover in attorney fees is reasonable.

The parties' debate over the timeliness of Plaintiff's present § 406(b) Motion arises

from this Court's Local Rule 54.2(b), which requires a counsel seeking fees under § 406(b) to "file a motion for fees no later than forty-five days after entry of judgment or the date shown on the face of the social security certificate award (notice of award), whichever is later." S.D. Ohio Civ. R. 54.2(b) (effective January 1, 2016). This Rule provides two exceptions to the forty-five-day deadline: "Unless a statute or court order provides otherwise …." S.D. Ohio Civ. R. 54.2(a).

The Commissioner's concern about the timeliness of Plaintiff's counsel's § 406(b) Motion rests on the time lapses between the dates on which the Social Security Administration issued various Notices and August 24, 2018, the date counsel filed her present Motion. A table guides the way:

| Type of Notice | Date Issued | Date Counsel's Motion filed | Time lapse | Amount Withheld for Attorney Fees | PageID # |
|---|---|---|---|---|---|
| **SSI Benefits Awarded to Plaintiff** | 5/21/14 | 8/24/18 | 4 years, 3 months, 3 days | $4,341.50 | #2363 |
| **Change of Plaintiff's Benefits** | 5/30/18 | 8/24/18 | 86 days | $31,635.75 | #2366 |
| **Child Benefits Awarded to Plaintiff's 2 children (AKM, SEM)** | 1/16/16 | 8/24/18 | 2 years, 7 months, 8 days | $829.25 (per child) | #s 2373, 2381 |
| **Change of Child Benefits (AKM)** | 2/26/18 | 8/24/18 | 179 days | $8,138.25 | #2374 |
| **Change of Child Benefits (SEM)** | 2/26/18 | 8/24/18 | 179 days | $829.25[1] | #2381 |

---

[1] This amount appears to have been a typographical error. The next row on this table shows the corrected amount withheld from SEM's award of benefits. *See* Doc. #15, *PageID* #2329; Doc. #19, *PageID* #s 2432-2433.

| Notice of Important Information (SEM) | 9/19/18 | 8/24/18 | Notice issued after § 406(b) motion filed on 8/24/18 | $8,138.25 | #2426 |

Plaintiff's counsel explains that a typographical error in the 2/26/18 Notice of Change Benefits reported an incorrect amount—$829.25—withheld from SEM's benefits for attorney fees. As the above table indicates, the Notice of Important Information that issued on 9/19/18 documented the correct amount—$8,138.25—withheld from SEM's award of benefits. *See* Doc. #15, *PageID* #2329; Doc. #19, *PageID* #s 2432-2433. This makes sense. Assuming both children received the same amount of benefits in connection with the Notice issued on 2/26/18, the corrected amount of $8,138.25 for SEM's withholding matches the amount withheld from AKM's benefits for attorney fees on 2/26/18.

Plaintiff's counsel contends that she timely filed her § 406(b) Motion by filing it before the Notice of Important Information issued on 9/19/18. Counsel reasons that the law required her to complete all her attorney work before filing a § 406(b) Motion. Counsel further explains that although she filed her § 406(b) Motion before the Notice of Important Information issued, she did so in reliance on the Social Security Payment Center Representative, who told her the correction to SEM's withholding amount would issue. *See* Doc. #20, *PageID* #2436.

Plaintiff's counsel cites no authority supporting her argument that S.D. Ohio Civ. R. 54.2(b)'s forty-five-day limit for filing a § 406(b) Motion does not begin to run until all the attorney's work is completed. This is understandable because research for cases discussing this proposition produces the metaphorical goose egg. Yet, there is a laudable goal that counsel's proposed rule would further: the avoidance piecemeal litigation over § 406(b) attorney fees. "[There is] no apparent reason to require piecemeal and repeated awards

4

of attorney fees in Social Security cases involving past-due benefits. Everyone involved, including the court, will be best served by a single such motion to be brought after a final payment amount has been determined by the defendant." *Acosta v. Comm'r of Soc. Sec.*, 14-10212, 2016 WL 8094540, at *3 (E.D. Mich., 2016) (Morris, MJ) (quoting *Cordice v. Astrue*, 1:09cv254, 2012 WL 243089, at *1 (D. Me. 2012) (brackets added)), Report & Recommendation adopted 2017 WL 372000 (Jan. 26, 2017) (Edmunds, DJ).

The problem Plaintiff's counsel faces is that Rule 54.2(b) does not mention attorney-work completion or tie the filing deadline to the date an attorney completes her attorney work. The Rule instead focuses on either the Judgment or the Notice of Award as the triggering event for the forty-five-day-filing requirement. Strictly applying these dates to the Notices of Benefits Awarded to Plaintiff and his two children—as seen in the above Table—exposes the untimeliness of counsel's Motion under Rule 54.2(b) as to these Notices (issued on 5/21/14 and 1/16/16). Counsel's motion was filed more than 4 years after the Notice issued awarding benefits to Plaintiff and more than 2 years after the Notice issued concerning benefits awarded to each of his children.

Yet, this overlooks the fact that the Social Security Administration issued multiple Notices and withheld attorney fees from the benefits awards (or changes thereto) over a four-year period. If each of these Notices triggered Rule 54(b)(2)'s time requirement, Plaintiff's counsel would have needed to file six § 406(b) Motions. It appears, moreover, that by waiting until the Notices issued in 2018, counsel was spurred into action by the more significant amount of attorney fees withheld starting in 2018. For example, the original amount withheld from Plaintiff's benefits for attorney fees was $4,341.50, while the later Notice of Change to

Plaintiff's Benefits on 5/30/18 informed counsel that the Administration had withheld $31,635.75 for payment of attorney fees. Although Plaintiff's counsel filed her § 406(b) Motion 86 days after 5/30/18, it was during this period she was apparently waiting for Notices to issue regarding a Change in Child Benefits (for each child) and related withholdings for payment of attorney fees. She then filed her § 406(b) Motion in August 2018 upon learning from a Social Security Payment Center Representative that the correction to SEM's withholding for attorney fees would issue. *See* Doc. #20, *PageID* #2436. This was not an unreasonable course of action, particularly when the value of her attorney work stood at $30,850.00, a figure much higher than the amounts withheld from Plaintiff's and his children's benefits before 2018. Indeed, it was not worth the effort and expense of filing a § 406(b) Motion until she was fully informed about the 2018 withholdings.

Accordingly, in light of the unique circumstances presented in this case, the delay in counsel's filing her § 406(b) Motion was reasonable and her Motion is therefore well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Motion and Supplemental Motion For Allowance Of Attorney Fees (Doc. #s 15, 17) be GRANTED, and the Commissioner be directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $30,850.00; and

2. The case remain terminated on the docket of this Court.

November 28, 2018            *s/Sharon L. Ovington*
                                                    Sharon L. Ovington
                                                    United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).